JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH GIANNELLA,<br><br>                    Plaintiff,<br><br>          v.<br><br>BISHOY HANNA,<br><br>                    Defendant. | Case No. 2:24-cv-01191-FLA<br><br>**ORDER GRANTING PLAINTIFF SARAH GIANNELLA'S EX PARTE APPLICATION [DKT. 6] AND REMANDING ACTION** |

### RULING

On January 12, 2024, Defendant Bishoy Hanna ("Hanna") filed a Notice of Removal, arguing the court has jurisdiction over three separate actions, all of which Hanna claimed to be related. *Giannella v. Hanna*, Case No. 2:24-cv-00304-FLA (BFMx), Dkt. 1. Those actions were (1) *Sarah Giannella v. Bishoy Hanna*, Los Angeles County Superior Court, Case No. 23SMRO00410 (the "First Action"); (2) *Bishoy Hanna v. Josh Freeman Stinn, et al.*, Los Angeles County Superior Court, Case No. 24STCV00037 (the "Second Action"); and (3) *Bishoy Hanna v. Sarah Giannella*, Los Angeles County Superior Court, Case No. 23STFL10014 (the "Third Action"). *Id*.

1  On January 19, 2024, the court issued an Order remanding all three actions, finding the court lacked subject matter jurisdiction (the "First Remand Order"). *Giannella*, Case No. 2:24-cv-00304-FLA (BFMx), Dkt. 6 ("1/19/24 Order").

On February 13, 2024, Hanna again filed a Notice of Removal to this court, seeking the court's jurisdiction as to the First Action, the Second Action, the Third Action, and an additional action, Los Angeles Superior Court, Case No. 23SMCV05683 (the "Fourth Action"). On February 15, 2024, Plaintiff Sarah Giannella ("Giannella") filed an Ex Parte Application to remand all actions to the Los Angeles County Superior Court (the "EPA"). Dkt. 6. For the reasons set forth in the court's First Remand Order, the court hereby determines it lacks subject matter jurisdiction over the First, Second, and Third Actions. *See* 1/19/24 Order.

With respect to the Fourth Action, Hanna has failed to demonstrate a basis for federal jurisdiction. Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The removing defendant bears the burden of establishing federal jurisdiction. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006). Failure to do so requires the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and ... the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted).

Here, Hanna provides no evidence or argument indicating that the court has either diversity jurisdiction or federal question jurisdiction over the Fourth Action. Hanna also appears to be the Plaintiff in the Fourth Action, which alone requires the action be remanded. *See* 28 U.S.C. § 1441(a) (removal may be effectuated only by

"the defendant or the defendants").  Accordingly, the court lacks jurisdiction over the Fourth Action.

For the reasons set forth above, the court determines it lacks subject matter jurisdiction as to the First, Second, Third, and Fourth Actions.  As this was Hanna's second attempt to remove these actions despite the court's prior remand, the court ORDERS that further attempts to remove these actions shall be barred by the law of the case.  Future attempts to remove these Actions shall not divest the Los Angeles Superior Court of jurisdiction.  The court, therefore, GRANTS the EPA and REMANDS the First Action (Case No. 23SMRO00410), the Second Action (Case No. 24STCV00037), the Third Action (Case No. 23STFL10014), and the Fourth Action (Case No. 23SMCV05683), to the Los Angeles County Superior Court.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: February 16, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge